Richard S. **BERRY, individually and as the controlling shareholder of People's Services, Inc., an Arizona corporation, Plaintiff–Appellant,**

v.

Adrianne **KALYNA; Russell A. Brown; Ralph McDonald, Lothar Goernitz; Dianne C. Kerns; Richard Cueller, Vicent R. Mayr, Ltd., an Arizona corporation; Vicent R. Mayr; Andrew S. Nemeth; Hickman and Martens, P.L.C.; Michael Hickman; Edward Maney, Defendants–Appellees,**

and

**United States of America, Defendant.**

No. 99–15766.

D.C. No. CV–97–01901–OMP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 5, 2000.

Decided March 22, 2001.

Before NOONAN, THOMAS and BERZON, Circuit Judges.

### MEMORANDUM [1]

Richard Berry, and his paralegal services corporation People's Services (collectively, "Berry"), appeals the district court's order dismissing his action with prejudice.[2] We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

■ 1. The district court properly dismissed Berry's constitutional claims. Berry's constitutional allegations do not survive the heightened pleading standards for claims under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Berry makes conclusory allegations of malice and conspiracy which are insufficient to state a *Bivens* claim. *Branch v. Tunnell*, 937 F.2d 1382, 1386 (9th Cir.1991).

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2. Berry elected not to appeal the district court's dismissal of defendants Nemeth and Kerns.

■ 2. The district court properly substituted the United States for United States Trustee Kalyna and her employee Cuellar. The United States Attorney for the District of Arizona certified the acts at issue in this case as occurring within the scope of the United States Trustee's office, thereby bringing the suit within the ambit of the Federal Tort Claims Act. 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.3(a). The statute does not require a hearing and none of the allegations made by Berry in his affidavit rebut the presumption that Kalyna and Cuellar acted within the scope of their office. Thus, Kalyna and Cuellar were properly dismissed from the remaining non-*Bivens* claims.

■ 2. Standing Chapter 13 trustees Brown and McDonald and their employees Maney and Goernitz are entitled to quasi-judicial immunity from Berry's claims against them. A court-appointed bankruptcy trustee enjoys the same immunity as does the judge who appointed him unless "he acts in the clear absence of all jurisdiction." *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir.1987). The acts alleged to have been committed by Brown, McDonald, Maney and Goernitz were committed within the scope of Chapter 13 trustee work. Thus, they are immune from suit on the remaining non-*Bivens* claims.

■ 3. Because Berry's anti-trust allegations concern alleged "abuses of the bankruptcy court process," these claims are barred by the *Noerr–Pennington* doctrine, which "protects advocacy before all branches of government." *Kottle v. Northwest Kidney Centers*, 146 F.3d 1056, 1060 (9th Cir.1998); *see also United Mine Workers v. Pennington*, 381 U.S. 657, 669–70, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965); *Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 137, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961).

■ 4. Berry's abuse of process claims fail because the legal process was used to achieve a lawful result. Legal vindication is decisive regardless of the prosecutor's incidental motives. "Where a lawful end is pursued by appropriate process, incidental motives of spite or greed are not actionable." *Pankratz v. Willis*, 155 Ariz. 8, 744 P.2d 1182, 1196 (Ariz.App. 1987).

■ 5. Berry's trade disparagement claim fails for lack of specificity in pleading. Under Arizona law, defamation, or disparagement of a business, requires not only reputational injury, but also that the statement causing such injury be false. *See Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 783 P.2d 781, 787 (Ariz. 1989). As the district court found, Berry did not identify any specific false statements in his claim for relief.

AFFIRMED.